IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JASON SWISHER, *et al.* | § | |
| v. | § | CIVIL ACTION NO. 6:11cv359 |
| BANK OF AMERICA, N.A., *et al.* | § | |

MEMORANDUM OPINION AND ORDER
ON MOTION FOR SUMMARY JUDGMENT

The above-styled lawsuit was filed by Jason and Anete Swisher, proceeding *pro se*, in the 392nd Judicial District Court of Henderson County, Texas, on May 31, 2011. The case was removed and filed in this Court on July 12, 2011. On February 13, 2012, the case was transferred to the undersigned with the consent of the parties in accordance with 28 U.S.C. § 636. Defendants Bank of America and MERS filed a Motion for Summary (document #11). For the reasons assigned below, the undersigned finds that the motion should be granted.

*Background*

Plaintiffs filed a petition in Henderson County titled, "Quiet Title action," naming Bank of America, N.A., Mortgage Electronic Registrations Systems, Inc. ("MERS"), Universal Savings Bank, F.A., and Thomas E. Black, Jr. as defendants. In their petition, Plaintiffs submit that there are problems with the mortgage lien on their homestead. Plaintiffs complain that Defendants have failed to provide "the original wet ink signature promissory note," and proof that Defendants are the Note

Holder in Due Course with standing to act as a party of interest in the Promissory Note. Plaintiffs seek to be "released" from the lien. Defendants Bank of America and MERS filed a Counterclaim seeking a declaratory judgment that Bank of America's lien position remains valid and enforceable.

Defendants Bank of America and MERS filed a motion for summary judgment on January 27, 2012. Defendants assert that Bank of America has an undisputed first lien position securing the property made the subject of a standard residential mortgage obtained by Plaintiffs in 2006. Further, Defendants argue that Bank of America is the holder of the mortgage and deed of trust and Plaintiffs do not have standing or a right to void Bank of America's mortgage and deed of trust based upon their theory that they have not been provided an "original wet ink signature promissory note." Defendants submit that 18 U.S.C. § 2071 does not apply and/or does not provide a private right of action. Defendants seek a declaratory judgment that Bank of America has a first lien interest on the property and that the documents filed by Plaintiffs are void or fraudulent.

In this case, Plaintiffs obtained a loan for $119,500.00 on July 24, 2006 for the purchase of property located at 519 Neches Drive in Chandler, Texas. The loan is secured by the property. A deed of trust is recorded in Henderson County, Texas. Plaintiffs have paid their mortgage payments as required. In October 2010, however, Plaintiffs began filing a series of documents seeking to void any lien on their property. On October 22, 2010, Plaintiffs filed a Quitclaim Deed in the real property records of Henderson County. Bank of America then received a letter from Plaintiffs titled, "Notice of Right to Cancel." In this letter, Plaintiffs assert that they have discovered "Disclosure Violations" and they seek to cancel any lien and/or security interest on their home. Plaintiffs filed their "Notice of Right to Cancel" in the real property records of Henderson County on October 25, 2010. Plaintiffs additionally filed a "Notice of Removal" in the real property records of Henderson

County on the same date, essentially seeking to revoke any authority provided to Bank of America, Universal Savings Bank, MERS and Thomas Black, Jr. in the deed of trust. On December 10, 2010, Plaintiffs filed another Quitclaim Deed.

On February 8, 2012, the parties appeared in this case for a Scheduling Conference. At the Scheduling Conference, Plaintiffs stated that they no longer wished to proceed with their claims. They further stated that they would not oppose the motion for summary judgment that had already been filed by Defendants.

### *Summary Judgment Standard*

Rule 56(a) of the FED. R. CIV. P. provides that the Court may only grant a motion for summary judgment when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). Once, the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Id.* Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Id.*

Summary judgment is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *Honore v. Douglas*, 833 F.2d 565 (5th Cir. 1987). The district court must look to the full record, including the pleadings, affidavits, and depositions. *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). Under this standard, fact questions are considered with deference to the nonmovant. *Reid v. State Farm Mutual Automobile Insurance Co.,* 784 F.2d 577, 578 (5th Cir.1986). The evidence of the nonmovant is to be believed and all inferences are to be drawn in his favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986). The Court resolves factual controversies for purposes of summary judgment in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d at 1075. The Court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1048 (5th Cir. 1996) (citing *Little v. Liquid Air Corp*, 37 F.3d at 1075).

An issue is "genuine" if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inference in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of the party. *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987). A "material fact" is one that might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510.

*Discussion and Analysis*

In this case, Plaintiffs did not respond to the motion for summary judgment. Pursuant to Local Rule CV-7(d), the Court assumes that Plaintiffs do not oppose the motion. Plaintiffs have not shown a legal requirement for Defendants to produce an original note. Defendants' competent

summary judgment evidence shows that Plaintiffs executed a deed of trust on July 24, 2006 showing Universal Savings Bank, F.A. as the "lender" and MERS as nominee for the lender. The note and deed of trust were transferred and assigned to Bank of America, as permitted by the loan documents executed by Plaintiffs. Bank of America is the holder of the mortgage note and the deed of trust with a first lien securing the property at issue. Plaintiffs claims are without merit and the documents filed by Plaintiffs in the real property records should be declared void.

Having carefully considered the evidence, the Court finds there are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law. It is accordingly

**ORDERED** that the Motion for Summary Judgment (document #11) is **GRANTED**. The complaint is **DISMISSED** with prejudice and judgment shall be entered for Defendants on their counterclaims. Any motion not previously ruled on is **DENIED**.

So **ORDERED** and **SIGNED** this **4** day of **March, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE